UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL J. MONROE,

                        Plaintiff,

            -against-                                    20-CV-5445 (LLS)

ROCKLAND COUNTY DISTRICT                                 ORDER TO AMEND
ATTORNEY'S OFFICE; A.D.A. VERONICE
PHILLIPS,

                        Defendants.

LOUIS L. STANTON, United States District Judge:

    Plaintiff, currently held in the Rockland County Correctional Facility, brings this *pro se*

action invoking the Court's federal question jurisdiction. He alleges that Defendants violated his

right to freely practice his religion. The Court construes the complaint as asserting claims under

42 U.S.C. § 1983, and under the Religious Land Use and Institutionalized Person Act

("RLUIPA"). By order dated August 14, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

**STANDARD OF REVIEW**

    The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

_____

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following allegations are taken from the complaint. On June 7, 2020, Plaintiff, who is Muslim, was detained in the Rockland County Correctional Facility. Later that day, and on three other occasions, he tried to call his girlfriend in order to get his prayer rug, Quran, and Islamic religious materials from the home they shared. Assistant District Attorney Phillips then charged Plaintiff "with another felony" "saying that [Plaintiff] violated a[n] order of protection for contacting a witness."[2] (ECF No. 2, at 5.) Plaintiff had previously asked how he was supposed to retrieve his religious articles from his home but was "never told how to get these items from home." (*Id.*) His attorney notified the court and ADA Phillips that Plaintiff was trying to get his religious articles from his home, but Plaintiff "still wasn't given any direction on how to get these items." (*Id.*) On June 13, 2020, Plaintiff notified his public defender and Town of Ramapo Justice Court Judge Fried that he needed his rug and Quran, but "again [Plaintiff] was ignored." (*Id.* at 6.) He alleges that during a June 18, 2020 preliminary hearing, he again stated that he was trying to get his rug and Quran.

Plaintiff alleges that, as a Muslim, he is obligated to pray five times a day, which is "hard to do" without his prayer rug, that he is unable to read or recite from the Quran, and that the facility chaplain does not provide those items to Muslim inmates.

He seeks money damages and injunctive relief.

**DISCUSSION**

**A.    The Free-Exercise Clause of the First Amendment**

Constitutional claims, such as Plaintiff's Free-Exercise Clause claim, must be brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a

---

[2] Plaintiff does not state it, but presumably his girlfriend is a witness in his criminal case.

right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

The Free-Exercise Clause of the First Amendment protects individuals from "indirect coercion or penalties on the free exercise of religion [by government officials], not just outright prohibitions." *Lyng v. N.W. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988); *see* U.S. Const. Amend. I ("Congress shall make no law respecting an establishment of religion or prohibiting the free exercise thereof.").

For a Free-Exercise claim, the question at the pleading stage is whether the plaintiff has alleged facts showing that the "defendant[] significantly interfered with [the plaintiff's] religious beliefs." *McEachin v. McGuinnis,* 357 F.3d 197, 203 (2d Cir. 2004); *Jones v. Goord*, 435 F. Supp. 2d 221, 256 (S.D.N.Y. 2006) (noting that in this Circuit, "a claim of 'significant[ ] interfere[nce] with . . . religious beliefs' is sufficient to state a constitutional claim." (quoting *McEachin,* 357 F.3d at 203) (alterations in original))).

## B.      The Religious Land Use and Institutionalized Persons Act

RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion."[3] *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005); *see* 42 U.S.C. § 2000cc-1(a). Under RLUIPA, the government may not "substantial[ly] burden" an institutionalized person's religious exercise unless the burden furthers a compelling governmental interest by the least restrictive means. *Jova v. Smith*, 582 F.3d 410, 415 (2d Cir.

---

[3] RLUIPA's protections apply to persons held in, among other locations, a municipal "jail, prison, or other correctional facility," or in a municipal "pretrial detention facility." 42 U.S.C. § 1997(1)(A), (B)(ii), (iii); *see* 42 U.S.C. § 2000cc-1(a) (incorporating § 1997's definition of "institution" for the purpose of RLUIPA).

2009). RLUIPA provides institutionalized persons with "greater protection" to exercise their religious beliefs than the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) ("RLUIPA's 'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . . , not whether the RLUIPA claimant is able to engage in other forms of religious exercise."). RLUIPA, however, does not provide for monetary damages against state officials sued in their official capacities. *Sossamon v. Texas*, 131 S. Ct. 165, 1663 (2011). And the Second Circuit has held that RLUIPA does not create a private right of action against state officials sued in their individual capacities. *Washington v. Gonyea*, 731 F.3d 143, 145 (2d Cir. 2013) (per curiam).

**C.      Plaintiff's claims against ADA Phillips and the District Attorney's Office**

The Court must dismiss Plaintiff's claims against ADA Phillips and the Rockland County District Attorney's Office. Prosecutors are immune from civil suits for damages under § 1983 for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against ADA Phillips and the District Attorney's Office are based on actions within the scope of their official duties and associated with the conduct of a trial. And even if prosecutorial immunity did not apply, RLUIPA does not allow for suits for money

damages against individual defendants. *See Sossamon*, 131 S. Ct. at 1663; *Washington*, 731 F.3d at 145. The Court therefore dismisses Plaintiff's claims against these defendants because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## D.    Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to state a valid Free-Exercise claim against the appropriate prison official or officials, or a valid RLUIPA claim against the appropriate government entity, the Court grants Plaintiff 60 days' leave to file an amended complaint.

First, Plaintiff must name as the defendants in the caption[4] and in the statement of claim those individuals or entities that were allegedly involved in the deprivation of his federal rights.

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

To the extent Plaintiff alleges that he is being denied his religious materials while in the custody of Rockland County, he may wish to name as defendants those prison officials who he alleges have violated his rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

---

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses Plaintiff's claims against the Rockland County District Attorney's Office and ADA Veronice Phillips. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-5445 (LLS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will dismiss the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED.

Dated:    September 11, 2020
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been
assigned)

## AMENDED
## COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                  Middle Initial           Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                  Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____